UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARRY G. INGRAM

             Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO; DENNIS HERRERA; FRANK TAYLOR, sued in their official and individual capacities,

             Defendants.
_____/

No. C 06-06896 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Dismiss**

       On November 3, 2006 plaintiff Barry Ingram filed a complaint against defendants City and County of San Francisco ("City"), Dennis Herrera, and Frank Taylor, alleging loss of property resulting from towing his vehicle. On the same day, he filed a motion for leave to proceed in forma pauperis. The court denied his motion and subsequently denied plaintiff's motion to vacate the order. On February 15, 2007 the court denied plaintiff's Motion for Leave to Appeal In Forma Pauperis Judgment. Now before the court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

BACKGROUND[1]

       On February 14, 2003 plaintiff Barry Ingram bought a used vehicle and left it parked at noon around the 1600 block of Bryant Street in San Francisco. He returned to the vehicle at 4:00pm on the same day and discovered that it had been towed. After contacting the San Francisco Police Department, he learned that the vehicle had been towed because its registration had expired. On the

following day, Ingram initiated the process to transfer the vehicle title. Upon doing so, he learned that the vehicle's registration had expired on August 22, 2002. The vehicle was subsequently sold on October 1, 2003 by the City. Ingram alleges that he received notice from the City Attorney's Office of the sale of the vehicle on December 28, 2004.

On February 21, 2003 plaintiff filed a request for Supervisors Review of Tow and Refund of Tow Fees with the San Francisco Police Department, which was subsequently denied. On August 8, 2003 Ingram filed a Government Tort Claim action against the City. On September 4, 2003 Ingram was informed by letter from defendant Frank Taylor, an investigator in the Office of the City Attorney, that the claim had been denied. Ingram alleges that he did not receive the letter informing him of the denial until November 6, 2003. Ingram filed suit against the City and the San Francisco Police Department in federal court in February 2, 2004. The case was voluntarily dismissed in February 2005. Ingram also filed suit against the City in state court. That action was dismissed on summary judgment in April 2005, and the California Court of Appeal upheld that decision on appeal. In each of those cases, Ingram alleged that the tow and sale of his vehicle violated California Vehicle Code section 22561(o)(1) as well as the California and federal due process clauses.

Ingram filed this action on November 3, 2006 pursuant to 42 U.S.C. section 1983, alleging that the City's denial of his Government Tort Claim action violated his due process and equal protection rights. He also seeks relief for loss of property, violations of California Code of Civil Procedure section 338, California Code of Civil Procedure section 43, and damages of personal loss of pleasure of life. He seeks compensatory and punitive damages on the basis of this alleged deprivation as well as damages relating to emotional distress suffered as a result of the incident. His complaint names as defendants the City as well as Frank Taylor and the San Francisco City Attorney Dennis Herrera in their official and individual capacities. Defendants filed this motion to dismiss for failure to state a claim. Having carefully considered the parties' arguments, the court enters the following order.

LEGAL STANDARD

A motion to dismiss will be denied unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

DISCUSSION

I.   Statute of Limitations

Plaintiff's claims under 42 U.S.C. section 1983 are barred by the applicable statute of limitations. Since section 1983 does not have its own statute of limitations, the court must borrow the nearest applicable state statute which is the two-year statute of limitations provided by California Code of Civil Procedure section 335.1. See Maldonado v. Harris, 370 F.3d 945, 954–55 (9th Cir. 2004) (holding that the statute of limitations for actions brought under section 1983 is two years). The events in this case occurred in 2003: the towing of Ingram's vehicle occurred on February 14, 2003 and the subsequent sale of the vehicle occurred on October 1, 2003. Thus, the statute of limitations expired at the latest on October 1, 2005. The filing of Ingram's earlier federal suit did not toll the statute of limitations because it was dismissed voluntarily. Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959).

The denial of his Government Tort Action by the City occurred on September 4, 2003 and

3

1  Ingram alleges that he received notice of this denial on November 6, 2003. Accordingly, the statute
2  of limitations on any cause of action resulting from this denial expired at the latest on November 6,
3  2005. The complaint in the instant action was filed roughly one year later.
4      In parts of his complaint, Ingram references other causes of action: claims for loss of
5  property damages; California Code of Civil Procedure § 338;[2] California Civil Code § 43;[3] and
6  damages of personal loss of pleasure of life. These causes of action sound in state tort law and are
7  separate and distinct from a section 1983 claim. Since the court must dismiss the section 1983 claim
8  as time-barred, there are no anchor federal claims in this action and the court declines to exercise
9  supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. section 1367. Therefore,
10 they are not properly before the court and they will be dismissed as well.

12 II.    <u>Section 1983</u>
13     Defendants also argue that Ingram has failed to state a claim for his due process and equal
14 protection violations. Although the section 1983 claims are time-barred, the court will consider
15 these arguments as well and put them to rest.

17     A.    <u>Due Process</u>
18     The gravamen of Ingram's due process claim is that the City improperly towed and sold the
19 vehicle in violation of California Vehicle Code section 22561(o)(1).[4] That provision affords a six-
20 month grace period for vehicles with expired registration. Thus, under the Vehicle Code, the vehicle
21 should not have been towed. <u>See also</u> Summary Judgment Order, Exh. C, at 2. Defendants respond
22 that there was no due process violation because Ingram had an adequate post-deprivation remedy.
23 <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-33 (1984). Here, the post-deprivation remedies were the
24 Supervisors Review of Tow; the Government Tort Claim action and the state action. Ingram
25 presented his arguments at each of these opportunities. Ingram responds that these post-deprivation
26 remedies were not adequate because the City admitted in the earlier state court action that it
27 improperly towed the vehicle. In each of the earlier proceedings, this information was considered

4

1  and a disposition was rendered against Ingram.  Ingram's complaint here appears to be an effort to
2  obtain review of the state court action in federal court. The fact that Ingram was unsuccessful in
3  these proceedings does not mean that post-deprivation remedies are inadequate. See Goichman v.
4  Aspen, 859 F.2d 1466, 1468 (10th Cir. 1988).  Accordingly, the court concludes that the Ingram has
5  failed to state a claim for due process violations.

####  B. Equal Protection

Defendants argue that plaintiff has failed to state a claim for violations of his equal protection rights because he has not alleged disparate treatment. Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252 266 (1977) (requiring proof of discriminatory intent or purpose for equal protection violation).  In his opposition, Ingram concedes that he has failed to allege disparate treatment. Pl's Opp. at 3.  He asks the court to grant him leave to amend the complaint to allege discriminatory conduct.  Although it is true that leave to amend a party's pleadings pursuant to Federal Rule of Civil Procedure 15(a) should be liberally granted, a district court need not permit a plaintiff to amend his or her complaint if it determines that the defects in the pleadings "could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).  Here, plaintiff has failed to identify a cognizable legal theory that would permit him to obtain the relief that his complaint requests.  Thus, because granting leave to amend would be futile, for this reason and because of the statute of limitations bar,  the court finds it appropriate to dismiss plaintiff's claims with prejudice.

### III. Request for Judicial Notice

Defendants ask the court to take judicial notice of four documents: the complaint filed in the present action; the second amended complaint filed in Ingram's previous federal case against the City; the California Court of Appeals' decision upholding the grant of summary judgment in favor of the City in Ingram's state court case; the voluntary dismissal of the federal case.   Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of these documents as they

are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201(b)(2); see also Hott v. City of San Jose, 92 F.Supp. 2d 996,998 (N.D. Cal. 2000) (Fogel, J.).  The request for judicial notice is GRANTED.

CONCLUSION

Defendants' motion to dismiss for failure to state a claim under section 1983 is GRANTED and those claims are dismissed with prejudice..  Having dismissed plaintiff's federal claims, supplemental jurisdiction over plaintiff's remaining claims arising under state law is declined and those claims are also DISMISSED.

IT IS SO ORDERED.

Dated: March 20, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. All facts cited herein are taken from the complaint unless otherwise noted.

2. Section 338 sets out the statute of limitations for various state law claims and does not provide a basis for a state law claim.  Cal. Code Civ. Pro. § 338.

3. Section 43 reads in its entirety:

> Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

Cal. Civ. Code § 43

4. That section provides that a peace officer may remove a vehicle:

> [w]hen any vehicle is found or operated upon a highway, any public lands, or an [off-street] parking facility with a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the [off-street] parking facility.

Cal. Veh. Code § 22651(o)(1)