FILED
MAR 22 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCO HERNANDEZ,

Defendant.

_______________________________________/

No. Cr99-00102 MHP

**ORDER**

On July 5, 2005 petitioner Marco Hernandez pled guilty to one count of possession of methamphetamine with intent to distribute as well as money laundering and was subsequently sentenced to 144 months of incarceration. On May 3, 2006 he attempted to take a direct appeal of his conviction, but it appears that failed because he did not perfect his appeal. He failed to file notice within the requisite time period. See United States v. Hernandez, No. 06-10278, Docket No. 403 (9th Cir. Oct. 17, 2006). Now petitioner seeks to dismiss his conviction on the basis of a lack of subject matter jurisdiction.

To the extent that it is possible to discern, petitioner appears to challenge the subject matter jurisdiction of the federal government in general and the grand jury specifically. The federal grand jury has jurisdiction to investigate all crimes committed in the Northern District of California in whole or in part, as were the crimes for which Hernandez was convicted. The grand jury performs the duty of screening evidence presented by the government and returns an indictment. The Fifth Amendment to the Constitution provides that, except for certain military cases, "no person shall be

UNITED STATES DISTRICT COURT
For the Northern District of California



held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The grand jury for a federal judicial district has clear jurisdiction to investigate crimes and offenses occurring within that district and return indictments on criminal charges pursuant to title 21 of the United States Code. To the extent that petitioner argues that the grand jury does not have jurisdiction, this argument must fail.

He also challenges his conviction on the basis that the government did not establish a federal interstate commerce nexus to his case as well as for Due Process and Tenth Amendment violations. He argues that the Controlled Substances Act of 1970, 21 U.S.C. secs. 801 et seq., does not state an interstate commerce nexus; that the drug laws were not intended to apply to activities that occurred in Panama; and that the states pursuant to the Tenth Amendment have not ceded jurisdiction over crimes committed in the states.

It is well-settled law that Congress has the power under the Commerce Clause of the United States Constitution to control and criminalize the possession, distribution, trafficking and other activity of controlled substances such as methamphetamine. See, e.g., Gonzales v. Raich, 545 U.S. 1 (2005). Interstate nexus or interstate commerce is implied in the statute. It need not be separately proven before the grand jury or at trial.

Furthermore, what this case has to do with Panama is a mystery. Defendant was charged with methamphetamine trafficking in the Northern District of California. It does not matter where the drugs originated or traveled for the purpose of jurisdiction in this District. It is the acts in this District or that resulted in the drugs coming into this District that are the source of petitioner's charges and conviction. There is no factual support or legal basis for Hernandez's contention that the government must establish an interstate commerce nexus to his case and present it to the grand jury nor is there any support for his Due Process or Tenth Amendment theories.

Finally, petitioner challenges the constitutionality of Titles 18 and 21 of the U.S. Code. Hernandez argues that Congress was not assembled on June 25, 1948 and so it is impossible for any legislation to have been enacted on that day. He also appears to object to the United States Code in general as contradicting the Statutes at Large. He contends further that 18 U.S.C. section 3231 is

UNITED STATES DISTRICT COURT
For the Northern District of California

applicable only in the District of Columbia. Petitioner is mistaken. Titles 18 and 21 of the United States Code represent the subsequent codification of validly-enacted laws. Because he has presented no valid basis for challenging the constitutionality of these statutes, the court denies his request.

Petitioner's motion is DENIED.

IT IS SO ORDERED

Dated: March 20, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA

Plaintiff,

v.

MARCO HERNANDEZ,

Defendant.
_______________________________/

Case Number: CR99-00102 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher James Steskal
United States Attorney's Office
450 Golden Gate Avenue
11th floor
San Francisco, CA 94102

Marco Hernandez
70958-004
USP Lompoc
3901 Klein Blvd., "M" Unit
Lompoc, CA. 93436-2706

Dated: March 22, 2007

Richard W. Wieking, Clerk
By: Anthony Bowser, Deputy Clerk